IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARILYN BENOIT and COLLEEN ) 
LOWERY, each individually and on behalf ) 
of all others similarly situated, ) 
       ) 
             Plaintiffs, ) 
       ) 
         v. )      No. 05 C 0118 
       )      Paul E. Plunkett, Senior Judge 
MERCK & Co., INC., ) 
       ) 
             Defendant. ) 

## MEMORANDUM OPINION AND ORDER

Marilyn Benoit and Colleen Lowery ("Plaintiffs") have filed a class action lawsuit against Merck & Co., Inc. ("Merck" or "Defendant"), alleging that Merck engaged in unfair and deceptive marketing by purposefully misrepresenting and concealing serious health risks associated with Vioxx, a pharmaceutical manufactured by Merck. On October 21, 2004, Merck filed a motion for coordinated pre-trial proceedings with the Judicial Panel on Multidistrict Legislation ("JPML") to coordinate all Vioxx-related cases pending in federal court in a single district court. On December 6, 2004, Plaintiffs filed their complaint in the Circuit Court of Cook County, Illinois, but the next month, Defendant removed the case to federal court, claiming diversity jurisdiction. Plaintiffs now argue that the amount in controversy is insufficient to establish diversity jurisdiction under 28 U.S.C. §1447(c). Plaintiffs have therefore asked us to remand the case to state court. Defendant moves that

-1-

EXHIBIT

1

we stay the motion to remand pending a transfer decision by the JPML. For the reasons set forth below, we grant Defendant's motion to stay.

Plaintiffs argue that this Court lacks subject matter jurisdiction and as a result does not have the authority to rule on Defendant's motion to stay. Defendant in turn argues that our determination concerning subject matter jurisdiction in the present case may be at odds with determinations on similar issues by other courts whose cases may eventually become bundled together with the instant case. Such an outcome could potentially give some plaintiffs an unfair advantage over other plaintiffs.

Contrary to Plaintiff's assertion, a district court may stay proceedings even where subject matter jurisdiction is uncertain. *Bd. of Trs. of Teachers' Ret. Sys. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 902 (N.D. Ill. 2002). We are persuaded that the test formulated in *Meyers v. Bayer AG* offers the best approach toward determining whether to remand or stay the instant case. In *Meyers*, the district court held that a court should first make a preliminary assessment of the jurisdictional issue. *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048 (E.D. Wisc. 2001). If subject matter jurisdiction is clearly lacking, the case must be remanded to state court. *Id.* at 1048. However, if the jurisdictional issue appears factually or legally difficult, the court must then determine whether identical or similar issues have been raised in other cases that have been or may be transferred to the MDL proceeding. *Id.* at 1049. If the jurisdictional issue is unique, the court must remand the case to state court. *Id.* If identical or similar issues have been raised by other cases that may be transferred, the court must then determine whether or not to grant the stay. *Id.* The factors to be considered include judicial economy, hardship and inequity to the moving party, and potential prejudice to the non-moving party. *Id.*

-2-

The jurisdictional issue Plaintiffs present is whether diversity jurisdiction exists despite the complaint's *ad damnum* clause, which states that individual damages do not exceed $75,000. Plaintiffs charge that Defendant's removal was based on improper assertions, including: (1) that Plaintiffs will state a claim for medical monitoring after the time period of removal has expired even though the current complaint expressly states that Plaintiffs do not seek recovery for personal injuries or other physical harm; (2) that Plaintiffs will similarly amend their complaint to include punitive damages; (3) that Plaintiffs' request for disgorgement of the amount by which Defendant has been unjustly enriched requires the aggregation of all individual claims to determine the amount in controversy; and (4) that standard attorneys' fees would increase the amount in controversy over $75,000. Plaintiffs argue that their complaint seeks only damages stemming from the purchase of Vioxx. Defendant disputes each of Plaintiffs' arguments and adds that Plaintiffs' request for "any other relief this court deems equitable and just" separately meets the jurisdictional threshold.

The issues raised by Plaintiffs are neither simple nor unique. Defendant has pointed to several Vioxx-related cases considering similar jurisdictional questions, many of which have already been stayed pending transfer. *E.g.*, *Pagan v. Merck & Co., Inc.*, No. 04-8959 (S.D.N.Y.) (motion to stay granted where Defendant based removal on medical monitoring, personal injury and disgorgement though complaint seeks only damages from purchase of Vioxx). In fact, more than a hundred cases, many of them class actions involving large numbers of potential plaintiffs, have been stayed. The interests of judicial consistency and economy are thus best served by staying the present case until the Judicial Panel reaches its decision regarding transfer.

Moreover, Plaintiffs will not be unduly prejudiced by granting the motion to stay. The JPML convened on January 27, 2005, and a decision on the transfer is presumably imminent. Thus, there

-3-

will be no unjust delay. Furthermore, if the Panel decides against transfer, Plaintiffs will be free to renew their motion for remand.

### Conclusion

Based on the foregoing, Defendant's motion to stay all proceedings pending transfer decision by the Judicial Panel on Multidistrict Litigation is granted. Plaintiffs' motion to remand is denied without prejudice to renew in the event the cause is not transferred. If transfer is denied, Plaintiffs shall file their notice of renewal of the motion for remand within ten days.

ENTER:

SENIOR UNITED STATES DISTRICT JUDGE

DATED: __FEB 1 5 2005__