**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| GENOWEFA WROBEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 06 C 5300 |
| | ) | |
| SURENDER LAL, M.D., and | ) | Judge Kendall |
| MERCK & CO., INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO REMAND TO THE CIRCUIT COURT OF COOK COUNTY

Plaintiff GENOWEFA WROBEL, by and through her attorneys, ROMANUCCI & BLANDIN, L.L.C., moves this Court, pursuant to 28 U.S.C. §1447(c), to enter an order remanding the above-entitled action to the Circuit Court for the Circuit Court of Cook County, Illinois, from where the action was removed to this Court, for the following reasons: First, this Court lacks Subject Matter Jurisdiction, as plaintiff and two named defendants are not diverse and second, the Notice of Removal filed herein by defendant MERCK CO., INC., was not joined by all of the defendants named in plaintiff's Complaint, and served in this action. As such, the Notice of Removal filed by defendant, MERCK CO., INC., is fatally defective. In support thereof, Plaintiff states as follows:

### PROCEDURAL HISTORY

1. On September 22, 2006, plaintiff, GENOWEFA WROBEL, filed her Complaint at Law in the Circuit Court of Cook County. Plaintiff placed summons the same day.

2.     Plaintiff named two defendants in his action, SURENDER LAL, M.D., and MERCK

CO., INC.  All of the foregoing defendants were named at the inception of this lawsuit.

3.     Defendant MERCK CO., INC., filed its Notice of Removal on September 29, 2006, and

defendant SURENDER LAL, M.D., did not join in the notice of removal.

### RESPECTIVE RESIDENCE OF ALL PARTIES

4.     Plaintiff, GENOWEFA WROBEL, resides at 6652 W. 63rd Street, city of Chicago,

county of Cook and is therefore an **Illinois resident**.  Defendant MERCK, INC. is a resident of

New Jersey. (See Defendant MERCK, CO., INC.,'s Answer and Affirmative Defenses, Count II,

Paragraph 2, attached hereto as Exhibit "A") Defendant SURENDER LAL, M.D., is an Illinois

physician who practices at 1634 W. Polk Street, city of Chicago, county of Cook, and is a

**resident of Illinois**. (See SURENDER LAL, M.D.,'s physician listing with Union Health

Service, Inc., attached hereto as Exhibit "B")

### ARGUMENT

**A.     This Court Lacks Subject Matter Jurisdiction Pursuant to 28 U.S.C. 1332, as Complete Diversity of Citizenship Does Not Exist in this Case**

5.     Pursuant to **§ 1332. Diversity of citizenship; amount in controversy; costs:**
       **(a)** The district courts shall have original jurisdiction of all civil actions where    the
       matter in controversy exceeds the sum or value of $75,000, exclusive of interest and
       costs, and is between
       **(1)** citizens of different States;
       **(2)** citizens of a State and citizens or subjects of a foreign state;
       **(3)** citizens of different States and in which citizens or subjects of a foreign state
       are additional parties; and
       **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens
       of a State or of different States.
       For the purposes of this section, section 1335, and section 1441, an alien admitted to the
       United States for permanent residence shall be deemed a citizen of the State in which
       such alien is domiciled.
       **(b)** Except when express provision therefore is otherwise made in a statute of the United
       States, where the plaintiff who files the case originally in the Federal courts is finally
       adjudged to be entitled to recover less than the sum or value of $75,000, computed
       without regard to any setoff or counterclaim to which the defendant may be adjudged to

be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

(c) For the purposes of this section and section 1441 of this title--

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has incorporated and of the State where it has its principal place of business; and

(2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

(d) The word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico.

28 U.S.C. 1332.

6. Judge Williams, in the case of *Cowart v. Penske Truck Leasing, Inc.*, 1992 WL 137409 (N.D.Ill. 1992), reiterated the requirements for removal with which defendant MERCK CO., INC., failed to comply:

> "... A defendant seeking removal under 28 U.S.C. § 1441 must file a verified petition for removal "within thirty days after receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief ..." 28 U.S.C. § 1446(b). **In cases involving multiple defendants, the petition must show that each of the defendants,** other than nominal defendants, desires and **is eligible for removal.** *Ortiz v. General Motors Acceptance Corp.*, 583 F.Supp. 526, 529 (N.D.Ill.2984); *P.P. Farmers' Elevator Co. v. Farmers' Elevator Mutual Insurance Co.*, 395 F.2d 546 (7th Cir.1968). **Defendants seeking removal must strictly comply with these and all other statutory requirements**, and where there is doubt regarding whether the requirements for removal have been satisfied, the case should be remanded. *Ortiz*, 583 F.Supp. at 529; *Jones v. General Tire & Rubber Co., 541 F.2d 660 (7th Cir.1976)."

7. Defendant incorrectly asserts that there is complete diversity of citizenship between Plaintiff and Defendants in this action. In fact, Plaintiff and defendant, SURENDER LAL, M.D.., both reside in Illinois, for the purposes of determining diversity pursuant to 28 U.S.C. 1332(c)(1)&(2).

8.    Defendant, SURENDER LAL, M.D., is ineligible for removal pursuant to 28 U.S.C.

1332 because their residence is not diverse with that of the Plaintiff.

9.    Plaintiff joined all defendants in good faith with the intention to prosecute the action

against all defendants, residents and non-residents alike. Defendant MERCK CO., INC.,

erroneously asserts that the resident defendant was "fraudulently joined" in this action. However,

defendant MERCK CO, INC., has no basis for such an egregious, disingenuous contention and

the allegations/facts underlying this cause of action could not be more contrary to said

contention.

10.   A claim of fraudulent joinder will prevail only if the removing defendant "demonstrates

by clear and convincing evidence, either that there has been outright fraud committed in the

plaintiff's pleadings, or that there is no possibility based on the pleadings that a plaintiff can state

a cause of action against the non-diverse defendants in state court." *In re Rezulin Prods. Liab.*

*Litig.*, 133 F. Supp.2d 272, 279-80 (S.D.N.Y. 2001); *Schwartz v. State Farm Mutual Automobile*

*Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). As a general proposition, plaintiffs have the option

of naming those parties whom they choose to sue, subject only to the rules of joinder of

necessary parties. *Boyer v. Snap On Tools, Corp.*, 913 F.2d 108, 110 (3rd Cir. 1990). "While

the plaintiffs' decision in this regard may have repercussions for purposes of diversity

jurisdiction, there is no reason for a court to interfere with this inevitable consequence of a

plaintiffs' election unless the plaintiff had impermissibly manufactured diversity or used an

unacceptable device to defeat diversity." Id. A District Court must resolve all contested issues of

substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state

of controlling substantive law in favor of the plaintiff. *B., Inc., v. Miller Brewing Co.*, 663 F.2d

545, 549 (5th Cir. 1981). "If there is even a possibility that a state court would find that the

complaint states a cause of action against any one of the resident defendants, the Federal court **must find that joinder was proper and remand the case to state court**." *Coker v. Amoco Oil, Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)(emphasis added). Here, defendant MERCK CO., INC., has failed to meet and cannot meet its heavy burden to establish by **"clear and convincing evidence"** that there has been outright fraud in plaintiff's pleadings or that plaintiff cannot state a cause of action against the non-diverse defendant, SURENDER LAL, M.D. Further, MERCK CO., INC. cannot establish that plaintiff impermissibly manufactured diversity or used an unacceptable device to defeat diversity in this case, as all defendants were named from the inception of the suit in state court and all defendants were named for the purposes of obtaining a judgment against them. Defendants did not allege, in its Notice of Removal, outright fraud in plaintiff's pleadings and this is not a case that involves fraud in plaintiff's pleadings or facts. Clearly, there is a possibility in the case at bar that plaintiff can state a cause of action against non-diverse defendant SURENDER LAL, M.D.

11. Plaintiff predicates his allegations and potential liability against defendant SURENDER LAL, M.D., for the following reasons: (1) SURENDER LAL, M.D., was GENOWEFA WROBEL'S primary care physician; (2) SURENDER LAL, M.D.'s medical records indicate that he was aware that GENOWEFA WROBEL had a history of heart related trouble; (3) SURENDER LAL, M.D., consistently prescribed Vioxx to GENOWEFA WROBEL though it was contraindicated for her condition; and (4) upon information and belief, physicians, such as SURENDER LAL, M.D., were aware that Vioxx increased the risk of stroke, heart attacks and blood clots long before it was pulled from the market. (See Plaintiff's Complaint at Law attached hereto as Exhibit "A")

12.     In fact, MERCK CO., INC., in its answer to Plaintiff's Complaint at Law filed several affirmative defenses which point the finger/predicate liability upon the prescribing physician and health care provider of Plaintiff. Specifically, in MERCK CO., INC.,'s ninth affirmative defense, it states: "Any warnings given by Merck were transmitted to prescribing physicians and/or health care providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled." In MERCK CO., INC.,'s eighth affirmative defense, it states: "To the extent that plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to war in its warnings to the prescribing physician." (See MERCK CO., INC.,'s Answer and Defenses to Plaintiff's Complaint at Law, p. 15, attached hereto as Exhibit "A")

13.     Further, in MERCK CO., INC.,'s eight, ninth, and thirteenth affirmative defenses, it generally predicates liability on the negligence of third parties, certainly including the prescribing physician. (See MERCK CO., INC.,'s Answer and Defenses to Plaintiff's Complaint at Law, pps. 15-16, attached hereto as Exhibit "A")

14.     MERCK CO., INC., is disingenuous when it accuses Plaintiff of filing suit against the other defendant fraudulently and predicates liability on the same defendant. (In MERCK CO., INC.,'s Notice of Removal it asserts that plaintiff "fraudulently" joined both co-defendants, but in it's Answer and Defenses to Plaintiff's Complaint at Law asserted several affirmative defenses "pointing the finger" at or arguing that liability should be premised on the conduct upon the non-diverse co-defendant, SURENDER LAL, M.D.)

15.     MERCK CO., INC.,'s answer is devoid of any admission that it concealed the risks of Vioxx from physicians or physician practice groups, such as defendants SURENDER LAL, M.D. In fact, MERCK CO., INC., asserted the above referenced affirmative defenses that are directly contrary to such an admission. According to MERCK CO., INC.,'s Answer and Defenses to Plaintiff's Complaint at Law, there are several factual bases for imputing the non-diverse defendant with knowledge of the adverse risks of Vioxx, especially in patients with a potential for heart trouble.

16.     Therefore, by MERCK CO., INC.,'s own admission, Plaintiff joined GENOWEFA WROBEL'S primary care physician, SURENDER LAL, M.D., in good faith to prosecute an action against him because he prescribed Vioxx to GENOWEFA WROBEL, though it was contraindicated for the Plaintiff due to her medical history. Plaintiff also joined MERCK CO., INC., has apprised Plaintiff and the public of its defenses in this cause and related cases and a jury will likely decide who is ultimately liable in this cause. Certainly, all named defendants in this action have potential exposure in terms of liability.

17. Defendants' notice of removal of the above-entitled action was, therefore, improperly filed herein, and in violation of 28 U.S.C. § 1446(b), which unequivocally states that the Notice of Removal must clearly state and establish that all defendants are eligible for removal and 28 U.S.C. 1332, which unequivocally states that diversity of citizenship must exist between citizens of different states.  The notice of removal is therefore defective on its face and brought by defendant MERCK CO., INC., in bad faith.

**B.     ALTERNATIVELY, MERCK HAS NOT SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

18.     Though Plaintiff contends that this argument need not be addressed, as the non-diverse

co-defendants could never properly join in this action/Notice of Removal due to their lack of

diversity of citizenship with Plaintiff, this action was also improperly removed because all of the

defendants did not join in the notice of removal. SURENDER LAL, M.D., who is in receipt of

the state court summons and complaint, by service or otherwise, and is not a nominal defendant,

did not join in the removal, as required by 28 U.S.C. §1446(a).

## FEES AND COSTS

19.     The removal of this cause was improvident, as two defendants are not diverse from the

Plaintiff for the purposes of diversity jurisdiction. Further, defendant MERCK CO., INC. filed

affirmative defenses pointing liability at the physician, but arguing for the purposes of removal

that said physician was joined "fraudulently" and/or in bad faith. For the foregoing reasons,

Plaintiff requests a payment of costs and expenses, including attorney's fees, incurred as a result

of the removal. 28 U.S.C. 1447(c) (1995).

WHEREFORE, plaintiff GENOWEFA WROBEL, moves this Court to remand this case to the

Circuit Court of Cook County, Illinois, and to assess costs and fees against defendant MERCK

CO., INC.

Respectfully submitted,

By: _____
                    One of Plaintiffs' Attorneys

Antonio M. Romanucci
ARDC No.: 6190290
Stephanie K. Nathanson
ARDC No.: 6279321
ROMANUCCI & BLANDIN
33 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
(312) 458-1000
(312) 458-1004 (fax)

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **GENOWEFA WROBEL,** ) | |
| ) | No. 06 C 5300 |
| Plaintiff, ) | |
| vs. ) | Judge Virginia M. Kendall |
| ) | Magistrate Judge Brown |
| **SURENDER LAL, M.D.** and ) | |
| **MERCK & CO., INC.,** ) | |
| ) | **JURY TRIAL DEMANDED ON** |
| Defendants. ) | **ALL COUNTS** |

## MERCK & CO., INC.'S ANSWERS AND DEFENSES TO
## PLAINTIFF'S COMPLAINT AT LAW

NOW COMES MERCK & CO., INC., through undersigned counsel, and for their

Answer and Defenses to Plaintiff's Complaint at Law ("Complaint") state as follows:

### MERCK & CO., INC.'S RESPONSES TO
### COUNT I - NEGLIGENCE

1.      At all times relevant herein, SURENDER LAL, M.D., was a physician duly
licensed in the practice of his profession in the County of Cook, State of Illinois.

ANSWER:      The allegations contained in paragraph 1 of Count I of the Complaint are not

directed at Merck and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

2.      At all times relevant herein, GENOWEFA WROBEL was living in the City of
Chicago, in the County of Cook, State of Illinois.

ANSWER:      The allegations contained in paragraph 2 of Count I of the Complaint are not

directed at Merck and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

3.      That GENOWEFA WROBEL was under the continuous care and treatment of the
Defendant, SURENDER LAL, M.D., from October 9, 1999 and prior thereto.



ANSWER:     The allegations contained in paragraph 3 of Count I of the Complaint are not

directed at Merck and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

4.     That it then and there became the duty of Defendant SURENDER LAL, M.D. to
render medical services consistent with the medical needs of GENOWEFA WROBEL.

ANSWER:     The allegations contained in paragraph 4 of Count I of the Complaint are not

directed at Merck and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

5.     That there was a duty on the part of the Defendant, SURENDER LAL, M.D., to
treat GENOWEFA WROBEL in accordance with accepted standards of prevailing medical
practices and opinion.

ANSWER:     The allegations contained in paragraph 5 of Count I of the Complaint are not

directed at Merck and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

6.     On October 9, 1999 and prior thereto, Plaintiff GENOWEFA WROBEL was
prescribed VIOXX by defendant SURENDER LAL, M.D.

ANSWER:     The allegations contained in paragraph 6 of Count I of the Complaint are not

directed at Merck and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

7.     On October 9, 1999, and prior thereto, plaintiff GENOWEFA WROBEL was
under the care of Defendant SURENDER LAL, M.D. for condition o hypertension, diabetes and
general heart conditions.

ANSWER:     The allegations contained in paragraph 7 of Count I of the Complaint are not

directed at Merck and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

8.    That the Defendant, SURENDER LAL, M.D., knew and/or should have known that VIOXX was contraindicated for plaintiff GENOWEFA WROBEL and created a risk of the occurrence of serious cardiovascular events.

ANSWER:    The allegations contained in paragraph 8 of Count I of the Complaint are not directed at Merck and therefore no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

9.    Notwithstanding the defendant's duty as stated above, defendant, SURENDER LAL, M.D., committed one or more of the following negligent acts and/or omissions:

a.    Improperly prescribed VIOXX to Plaintiff knowing that it was contraindicated for GENOWEFA WROBEL;

b.    Improperly prescribed VIOXX to Plaintiff knowing that he was at risk for future cardiac problems;

c.    Improperly prescribed VIOXX to Plaintiff knowing that he had a history of cardiac problems;

d.    Failed to warn the plaintiff that VIOXX should not be used in patients with a history of cardiac problems;

e.    Failed to warn the plaintiff of the risks associated with the use of VIOXX in individuals with a history of cardiac problems;

f.    Improperly prescribed VIOXX by phone without regard for Plaintiff's medical history.

ANSWER:    The allegations contained in paragraph 9 of Count I of the Complaint, including subparts (a)-(f), are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

10.    That as a result of one or more of the foregoing negligent acts and/or omissions, GENOWEFA WROBEL suffered a myocardial infarction on November 25th, 2004 resulting in injuries of a personal and pecuniary nature.

ANSWER:    The allegations contained in paragraph 10 of Count I of the Complaint are not

directed at Merck and therefore no responsive pleading is required. Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

11.    On or about November 25, 2004, GENOWEFA WROBEL was diagnosed with myocardial infarction due to, or as a consequence of, VIOXX.

ANSWER:    The allegations contained in paragraph 11 of Count I of the Complaint are not

directed at Merck and therefore no responsive pleading is required. Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

12.    That GENOWEFA WROBEL's injuries were a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant, SURENDER LAL, M.D.

ANSWER:    The allegations contained in paragraph 12 of Count I of the Complaint are not

directed at Merck and therefore no responsive pleading is required. Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

13.    That as a direct and proximate result of one of the foregoing acts and/or omissions, Plaintiff, GENOWEFA WROBEL sustained injuries and damages including pain, suffering, disability, disfigurement and obligations for hospital, physician and medical services.

ANSWER:    The allegations contained in paragraph 13 of Count I of the Complaint are not

directed at Merck and therefore no responsive pleading is required. Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

14.    As a proximate result of Defendant' negligence, and of the treatment necessitated for the injuries sustained by GENOWEFA WROBEL, she has become obligated to pay various medical, and hospital expenses for which he claims damages.

ANSWER:    The allegations contained in paragraph 14 of Count I of the Complaint are not

directed at Merck and therefore no responsive pleading is required. Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

WHEREFORE, plaintiff GENOWEFA WROBEL PRAYS judgment against Defendant SURENDER LAL, M.D., in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this lawsuit.

ANSWER:    As for the unnumbered prayer for relief following paragraph 14 of Count I of the Complaint not directed at Merck, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

## MERCK & CO., INC.'S RESPONSES TO
## COUNT II - NEGLIGENCE

1.    At all times relevant herein, GENOWEFA WROBEL, was a resident of the City of Chicago, in the County of Cook, State of Illinois.

ANSWER:    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Count II of the Complaint, and therefore is unable to admit or deny the same.

2.    At all times relevant herein, MERCK was incorporated in the State of New Jersey with its principal place of business in State of New Jersey.

ANSWER:    Denies each and every allegation contained in paragraph 2 of Count II of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

3.    At all times relevant herein, MERCK was transacting business in Cook County, in Illinois.

ANSWER:    Denies each and every allegation contained in paragraph 3 of Count II of the Complaint, except admits that Merck is authorized to do business in Illinois.

4.    At all times relevant herein, MERCK researched a pharmaceutical known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 4 of Count II of the Complaint except admits that Merck researched, designed, developed, manufactured, marketed

and distributed the prescription medicine Vioxx® until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

     5.     At all times relevant herein, MERCK developed a pharmaceutical known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 5 of Count II of the Complaint except admits that Merck researched, designed, developed, manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

     6.     At all times relevant herein, MERCK formulated a pharmaceutical known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 6 of Count II of the Complaint except admits that Merck researched, designed, developed, manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

     7.     At all times relevant herein, MERCK manufactured a pharmaceutical known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 7 of Count II of the Complaint except admits that Merck researched, designed, developed, manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

     8.     At all times relevant herein, MERCK produced a pharmaceutical known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 8 of Count II of the Complaint except admits that Merck researched, designed, developed, manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

9.    At all times relevant herein, MERCK marketed a pharmaceutical drug known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 9 of Count II of the Complaint except admits that Merck researched, designed, developed, manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

10.    At all times relevant herein, MERCK sold a pharmaceutical known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 10 of Count II of the Complaint except admits that Merck researched, designed, developed, manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

11.    On and about October 9, 1999, GENOWEFA WROBEL was prescribed VIOXX.

ANSWER:    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Count II of the Complaint, and therefore is unable to admit or deny the same.

12.    GENOWEFA WROBEL was administered VIOXX from October 9, 1999, or prior thereto.

ANSWER:    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of Count II of the Complaint, and therefore is unable to admit or deny the same.

13.    On or about November 25, 2004, GENOWEFA WROBEL was diagnosed with myocardial infarction due to, or as a consequence of, VIOXX.

ANSWER:    Denies each and every allegation contained in paragraph 13 of Count II of the Complaint.

14.    On or before October 9, 1999, and at all times material, MERCK was negligent in one or more of the following respects:

a.    Formulating VIOXX in a manner which increased the risk of cardiovascular problems at a higher rate than those individuals taking other similar drugs; or

b.    Failing to properly address and/or investigate the issue of cardiovascular risks through controlled clinical trials;

c.    Failing to properly warn doctors of the increased cardiovascular risks of VIOXX.; or

d.    Failing to properly warn the public of the increased cardiovascular risks resulting from VIOXX; or

e.    Failing to properly warn doctors of known potentially dangerous interactions that VIOXX would have with other prescriptions medications; or

f.    Failing to properly warn the general public of the known potentially dangerous interactions that VIOXX would have with other prescription medications; or

g.    Misrepresenting the safety of VIOXX to the public at large and minimizing the significant cardiovascular risks presented by the drug; or

h.    Was otherwise negligent.

ANSWER:    Denies each and every allegation contained in paragraph 14 of Count II of the

Complaint, including subparts (a)-(h).

15.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions committed by Defendant MERCK, Plaintiff GENOWEFA WROBEL sustained myocardial infarction on November 25th, 2004 and damages including pain, suffering, disability, disfigurement, and obligations for hospital, physician and medical services.

ANSWER:    Denies each and every allegation contained in paragraph 15 of Count II of the

Complaint.

16.    On or about September 30, 2004, Defendant MERCK withdrew VIOXX from the market.

ANSWER:    Denies each and every allegation contained in paragraph 16 of Count II of the

Complaint, except admits that on September 30, 2004, Merck voluntarily withdrew Vioxx from

the worldwide market.

17.    Plaintiff, GENOWEFA WROBEL, did not know, and could not have known, of the potential relationship between VIOXX and his cardiovascular injuries before September 30, 2004.

ANSWER:    Denies each and every allegation contained in paragraph 17 of Count II of the

Complaint.

    WHEREFORE Plaintiff GENOWEFA WROBEL PRAYS for judgment against Defendant MERCK, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000), which shall represent fair and just compensation.

ANSWER:    As for the unnumbered prayer for relief following paragraph 17 of Count I of the

Complaint, no responsive pleading is required.  Should a response be deemed required, Merck

denies each and every allegation contained in this unnumbered prayer for relief.


## MERCK & CO., INC.'S RESPONSES TO
## COUNT III - PRODUCTS LIABILITY

    1.    At all times relevant herein, GENOWEFA WROBEL, was a resident of the City of Chicago, in the County of Cook, State of Illinois.

ANSWER:    Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 1 of Count III of the Complaint, and therefore is

unable to admit or deny the same.

    2.    At all times relevant herein, MERCK was incorporated in the State of New Jersey with its principal place of business in the State of New Jersey.

ANSWER:    Denies each and every allegation contained in paragraph 2 of Count III of the

Complaint, except admits that Merck is a New Jersey corporation with its principal place of

business at One Merck Drive, Whitehouse Station, New Jersey.

    3.    At all times relevant herein, MERCK was transacting business in Cook County, in Illinois.

ANSWER:    Denies each and every allegation contained in paragraph 3 of Count III of the

Complaint, except admits that Merck is authorized to do business in Illinois.

4.    At all times relevant herein, MERCK researched a pharmaceutical known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 4 of Count III of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.    At all times relevant herein, MERCK developed a pharmaceutical known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 5 of Count III of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.    On At all times relevant herein, MERCK formulated a pharmaceutical known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 6 of Count III of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7.    At all times relevant herein, MERCK manufactured a pharmaceutical known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 7 of Count III of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

8.    At all times relevant herein, MERCK produced a pharmaceutical known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 8 of Count III of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

9.    At all times relevant herein, MERCK marketed a pharmaceutical drug known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 9 of Count III of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

10.    At all times relevant herein, MERCK sold a pharmaceutical known as VIOXX.

ANSWER:    Merck denies each and every allegation set forth in paragraph 10 of Count III of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

11.    On and about October 9, 1999, GENOWEFA WROBEL was prescribed VIOXX.

ANSWER:    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Count III of the Complaint, and therefore is unable to admit or deny the same.

12.    GENOWEFA WROBEL was administered VIOXX from October 9, 1999, or prior thereto.

ANSWER:    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of Count III of the Complaint, and therefore is unable to admit or deny the same.

13.    GENOWEFA WROBEL consumed VIOXX in the manner in which it was intended to be used.

ANSWER:    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of Count III of the Complaint, and therefore is unable to admit or deny the same.

14.    GENOWEFA WROBEL consumed VIOXX in the same condition as when it left the control of MERCK.

ANSWER:    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of Count III of the Complaint, and therefore is unable to admit or deny the same.

16.    On or about November 25, 2004, GENOWEFA WROBEL was diagnosed with myocardial infarction due to, or as a consequence of, VIOXX.

ANSWER:    Denies each and every allegation contained in paragraph 16 of Count III of the Complaint.

17.    On or before October 9, 1999, and at all times material, VIOXX was unreasonably dangerous in one or more of the following respects:

   a.    Its consumers at a greater risk for cardiovascular problems, as compared to individuals taking other similar drugs; or

   b.    Its cardiovascular risks were not properly investigated through controlled clinical trials; or

   c.    It was not labeled with a warning sufficient to alert doctors of the increased cardiovascular risks of VIOXX; or

   d.    It was not labeled with a warning sufficient to alert the public of the increased cardiovascular risks resulting from VIOXX; or

e.    It was not labeled with a warning sufficient to alert doctors of known potentially dangerous interactions that VIOXX would have with other prescription medications; or

f.    It was not labeled with a warning sufficient to alert the general public of the known potentially dangerous interactions that VIOXX would have with other prescription medications; or

g.    It was labeled and marketed in a way that misrepresented it as safe to the public at large and minimized the cardiovascular risks it posed to consumers; or

h.    Was otherwise negligent.

ANSWER:    Denies each and every allegation contained in paragraph 17 of Count III of the

Complaint, including subparts (a)-(h).

18.    As a direct and proximate result of one or more of the aforementioned acts or omissions, Plaintiff GENOWEFA WROBEL sustained a myocardial infarction and damages including pain, suffering, disability, disfigurement, and obligations for hospital, physician, and medical services.

ANSWER:    Denies each and every allegation contained in paragraph 18 of Count III of the

Complaint.

19.    As a proximate result of defendant's negligence, and of the treatment necessitated for the injuries sustained by GENOWEFA WROBEL, she has become obligated to pay various medical and hospital expenses.

ANSWER:    Denies each and every allegation contained in paragraph 19 of Count III of the

Complaint.

20.    On or about September 30, 2004, Defendant MERCK withdrew VIOXX from the market.

ANSWER:    Denies each and every allegation contained in paragraph 20 of Count III of the

Complaint, except admits that on September 30, 2004, Merck voluntarily withdrew Vioxx from

the worldwide market.

21.    Plaintiff GENOWEFA WROBEL did not know, and could not have known, of the potential relationship between VIOXX and his cardiovascular injuries before September 30, 2004.

ANSWER:    Denies each and every allegation contained in paragraph 21 of Count III of the

Complaint.

WHEREFORE, Plaintiff GENOWEFA WROBEL, PRAYS judgment against defendant
MERCK, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus
the costs of this lawsuit.

ANSWER:    As for the unnumbered prayer for relief following paragraph 21 of Count III of

the Complaint, no responsive pleading is required.  Should a response be deemed required,

Merck denies each and every allegation contained in this unnumbered prayer for relief.

## JURY DEMAND

Merck hereby requests a trial by jury.

## DEFENSES

For its defenses to plaintiff's Complaint, defendant Merck & Co., Inc. states as follows:

### AS FOR A FIRST DEFENSE,
### MERCK ALLEGES:

1.    Each and every claim asserted or raised in the Complaint is barred by the

applicable statutes of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE,
### MERCK ALLEGES:

2.    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE,
### MERCK ALLEGES:

3.    The claims of the plaintiff may be barred, in whole or in part, from recovery

because she has made statements or taken actions that preclude her from asserting claims or

constitute a waiver of her claims.

### AS FOR A FOURTH DEFENSE,
### MERCK ALLEGES:

4.    The claims of the plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

**AS FOR A FIFTH DEFENSE,**
**MERCK ALLEGES:**

5.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A SIXTH DEFENSE,**
**MERCK ALLEGES:**

6.    If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A SEVENTH DEFENSE,**
**MERCK ALLEGES:**

7.    To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR AN EIGHTH DEFENSE,**
**MERCK ALLEGES:**

8.    To the extent that plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR A NINTH DEFENSE,**
**MERCK ALLEGES:**

9.    Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only

obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

### AS FOR A TENTH DEFENSE,
### MERCK ALLEGES:

10.    If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiff.

### AS FOR A ELEVENTH DEFENSE,
### MERCK ALLEGES:

11.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A TWELFTH DEFENSE,
### MERCK ALLEGES:

12.    If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR AN THIRTEENTH DEFENSE,
### MERCK ALLEGES:

13.    If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A FOURTEENTH DEFENSE,
### MERCK ALLEGES:

14.     If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiff's misuse or abuse of Vioxx.

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

15.     If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

16.     To the extent plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

17.     To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### AS FOR A EIGHTEENTH DEFENSE, MERCK ALLEGES:

18.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A NINETEENTH DEFENSE,

**MERCK ALLEGES:**

19.     Plaintiff's claims are barred in whole or in part by the First Amendment.

**AS FOR A TWENTIETH DEFENSE,**
**MERCK ALLEGES:**

20.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR A TWENTY-FIRST DEFENSE,**
**MERCK ALLEGES:**

21.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

**AS FOR A TWENTY- SECOND DEFENSE,**
**MERCK ALLEGES:**

22.     This case is more appropriately brought in a different venue.

**AS FOR A TWENTY- THIRD DEFENSE,**
**MERCK ALLEGES:**

23.     Venue in this case is improper.

**AS FOR A TWENTY- FOURTH DEFENSE,**
**MERCK ALLEGES:**

24.     The claims of plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

**AS FOR A TWENTY- FIFTH DEFENSE,**
**MERCK ALLEGES:**

25.     The claims of plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### AS FOR A TWENTY- SIXTH DEFENSE, MERCK ALLEGES:

26.     The claims of plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

### AS FOR A TWENTY- SEVENTH DEFENSE, MERCK ALLEGES:

27.     The claims of plaintiff may be barred, in whole and in part, pursuant to the doctrine of accord and satisfaction.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

28.     The claims of plaintiff may be barred, in whole and in part, by the doctrine of laches.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

29.     The claims of plaintiff are barred, in whole or in part, by his failure to mitigate damages.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

30.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A THIRTY-FIRST DEFENSE,
### MERCK ALLEGES:

31.    The claims of plaintiff may be time-barred, in whole or in part, under applicable

statutes of limitations or statutes of repose.

### AS FOR A THIRTY-SECOND DEFENSE,
### MERCK ALLEGES:

32.    The claims of plaintiff may be barred, in whole or in part, from recovery, due to

spoliation of evidence.

### AS FOR A THIRTY-THIRD DEFENSE,
### MERCK ALLEGES:

33.    The claims of plaintiff may be barred, in whole or in part, by the governing state

laws.

### AS FOR A THIRTY-FOURTH DEFENSE,
### MERCK ALLEGES:

34.    Any conduct allegedly causing liability on the part of Merck is not a substantial

cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIFTH DEFENSE,
### MERCK ALLEGES:

35.    Plaintiff has not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SIXTH DEFENSE,
### MERCK ALLEGES:

36.    Merck reserves its right to dismiss the Complaint and seek further relief for

plaintiff's failure to provide it with due process of law.

### AS FOR A THIRTY-SEVENTH DEFENSE,
### MERCK ALLEGES:

37.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

38.     Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation plaintiff alleges plaintiff to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

39.     Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

### AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

40.     Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

41.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### AS FOR A FORTY-SECOND DEFENSE,

## MERCK ALLEGES:

42.    If plaintiff sustained the injuries or incurred the expenses alleged, the same were

caused, in whole or in part, by operation of nature or an act of God.

### AS FOR A FORTY-THIRD DEFENSE,
### <u>MERCK ALLEGES:</u>

43.     If plaintiff sustained the injuries or incurred the expenses alleged, the same were

caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of

Merck.

### AS FOR A FORTY-FOURTH DEFENSE,
### <u>MERCK ALLEGES:</u>

44.     The injuries and damages alleged in plaintiff's Complaint were the result of

unavoidable circumstances that could not have been prevented by anyone, including Merck.

### AS FOR A FORTY-FIFTH DEFENSE,
### <u>MERCK ALLEGES:</u>

45.     The benefits of the product or products at issue outweigh the risks, if any, which

may be attendant to their use.

### AS FOR A FORTY-SIXTH DEFENSE,
### <u>MERCK ALLEGES:</u>

46.     Merck has complied with all requirements of the Food and Drug Administration

of the United States Department of Health and Human Services, and the product or products at

issue were approved pursuant to the applicable statutes and regulations.  Pursuant to such, the

product or products at issue could only be used pursuant to the prescription of a licensed

prescriber.  The package insert for the product or products at issue was also approved by the

Food and Drug Administration, and the marketing was conducted in conformity with the

regulations of the Food and Drug Administration.  Therefore, plaintiff's claims are preempted.

### AS FOR A FORTY-SEVENTH DEFENSE,
### MERCK ALLEGES:

47.     The extent of any risk associated with the use of Merck's product, the existence of

which is not admitted, was, at the time of the distribution of the product by Merck, unknown and

could not have been known by the use of ordinary care by Merck.

### AS FOR A FORTY-EIGHTH DEFENSE,
### MERCK ALLEGES:

48.     Merck made no express or implied representations or warranties of any kind to

plaintiff, nor did plaintiff rely on any representations or warranties made by Merck.  To the

extent plaintiff relied upon any representations or warranties, such reliance was unjustified.

### AS FOR A FORTY-NINTH DEFENSE,
### MERCK ALLEGES:

49.     Merck did not breach any duty of care to plaintiff.

### AS FOR A FIFTIETH DEFENSE,
### MERCK ALLEGES:

50.     Plaintiff has failed to join all necessary and indispensable parties.

### AS FOR A FIFTY-FIRST DEFENSE,
### MERCK ALLEGES:

51.     Merck did not violate any state or federal statute, regulation or ordinance to cause

plaintiff's alleged injuries.

### AS FOR A FIFTY-SECOND DEFENSE,
### MERCK ALLEGES:

52.     A plaintiff who experienced no manifestation of the alleged defect has no claim

against defendant upon which relief may be granted.

## AS FOR A FIFTY-THIRD DEFENSE,
## MERCK ALLEGES:

53.    If plaintiff has sustained injuries or losses as alleged in the Complaint, such

injuries or losses were caused in whole or in part by the contributory negligence of the allegedly

injured plaintiff.

## AS FOR A FIFTY-FOURTH DEFENSE,
## MERCK ALLEGES:

54.    To the extent that plaintiff relies upon any theory of breach of warranty, such

claims are also barred for lack of timely notice of breach and/or lack of privity and/or because

the alleged warranties were disclaimed.

## AS FOR A FIFTY-FIFTH DEFENSE,
## MERCK ALLEGES:

55.    Merck incorporates any applicable affirmative defense or other defense asserted

by any other defendant in this action.  Merck will rely on all defenses that may become available

during discovery or trial.

## AS FOR A FIFTY-SIXTH DEFENSE,
## MERCK ALLEGES:

56.    Merck hereby gives notice that it intends to rely upon such other defenses as may

become available or appear during discovery proceeding in this case or that are included in the

master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the

Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any

such defense.

## AS FOR A FIFTY-SEVENTH DEFENSE,
## MERCK ALLEGES:

57.    Plaintiff fails to allege facts from which it can reasonably inferred to the level of clear and convincing proof that defendant acted with complete indifference to or conscious disregard for the safety of others.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Merck & Co., Inc. respectfully requests that plaintiff takes nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

Dated: October 2, 2006

Respectfully submitted,
BRYAN CAVE LLP


By: ____ /s/ Dmitry Shifrin _____
Brian A. Sher, #6196469
Dmitry Shifrin, #6279415
Jena Valdetero, #4707 (Maryland)
161 North Clark Street, Suite 4800
Chicago, IL 60601-3206
Telephone: (312) 602-5000
Facsimile: (312) 602-5050

*and*

Stephen G. Strauss, #6278807
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

*Attorneys for Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2006, I electronically filed the foregoing

MERCK & CO., INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AT

LAW with the Clerk of Court using the CM/ECF system which will send notification of such

filing to the following: Richard J. Rosenblum, Stephanie K. Nathanson, Esq., Rubin, Machado,

and Rosenblum, Ltd., 120 W. Madison Street, Suite 400, Chicago, Illinois 60602, and I hereby

certify that I have served the document via U.S. Mail to the following non CM/ECF participants:

Richard J. Rosenblum, Stephanie K. Nathanson, Esq., Rubin, Machado, and Rosenblum, Ltd.,

120 W. Madison Street, Suite 400, Chicago, Illinois 60602.

By: ___/s/ Dmitry Shifrin_____
      Dmitry Shifrin, #6279415
      161 North Clark Street, Suite 4800
      Chicago, IL 60601-3206
      Telephone: (312) 602-5000
      Facsimile: (312) 602-5050



■ESPANOL ■POLSKI

# Union Health Service, Inc.

"NOT TOO BIG TO CARE"

■ About UHS    ■ Locations    ■ Pharmacy    ■ General Inf

**HOME**
UHS News
Physicians
Facility Tour
Healthcare Links

## Physicians :

| | |
|---|---|
| **First Name:** | Surender |
| **Last Name:** | Lal, M.D. |
| **Gender:** | Male |
| **Specialty:** | Internal Medicine |



**Philosophy of Care:**
Compassionate. Consevative

**Languages:**
Hindi, Urdu

**Professional Certifications:**
Internal Medicine

**Hospital
Affiliations:**

● **Illinois Masonic**
● **Holy Cross**

**UHS Sites:**

● **87th & California** (MapQuest)
2800 West 87th Street
Chicago, IL, 60652
312-423-4200

Copyright © 2002 Union Health Services, Inc. All Rights Reserved.
Use of this site constitutes acceptance of the **Terms of Use**.



PLAINTIFF'S
EXHIBIT

B

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **GENOWEFA WROBEL,** | ) | |
| | ) | No. 06 C |
| Plaintiff, | ) | |
| v. | ) | Judge |
| | ) | Magistrate Judge |
| **SURENDER LAL, M.D.** and | ) | |
| **MERCK & CO., INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED ON** |
| Defendant. | ) | **ALL COUNTS** |

### NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC.

PLEASE TAKE NOTICE that defendant Merck & Co., Inc. ("Merck"), through

undersigned counsel, hereby removes the state court action entitled *Genowefa Wrobel v.*

*Surender Lal, M.D., and Merck & Co., Inc.*, Civil Action No. 06 L 10059, filed in the Circuit

Court of Cook County, Illinois, County Department, Law Division, pursuant to 28 U.S.C. §§

1332, 1441 and 1446.

1.     This is one of numerous lawsuits that have been filed recently in both federal and

state courts around the country concerning the pharmaceutical Vioxx®. On October 22, 2004, in

an effort to coordinate the discovery and pretrial administration of this potentially large

litigation, Merck filed a motion with the Judicial Panel of Multidistrict Litigation ("the Panel")

seeking transfer under 28 U.S.C. § 1407 of the 79 Vioxx product liability cases then pending in

federal court to one court for coordinated proceedings.  In addition, over two dozen different

plaintiffs' counsel filed papers seeking MDL coordination of their cases. On February 16, 2005,

the Panel entered an order establishing MDL-1657 and ordering the transfer of more than 140

cases, and noting that another "nearly 300 potentially related actions pending in multiple federal

districts" will be treated as potential tag-along actions. The Court further found specifically that

33405                                         1



"[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings" and that motions to remand in "MDL-1657 actions can be presented to and decided by the transferee judge." *In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005).

2.      Merck intends to seek the inclusion of this case within the MDL proceedings.

3.      On or about September 22, 2006, plaintiff commenced this action against Merck and Surender Lal, M.D. ("Dr. Lal") by filing a complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division, bearing Number 06 L 10059. A copy of the Complaint is attached hereto as Exhibit 1.

4.      In this action, plaintiff alleges that she suffered cardiovascular injuries as a result of taking Vioxx. (Comp., Count I, ¶ 11; Count II, ¶ 13; Count III, ¶ 16.) Plaintiff's key contentions are that Vioxx is defectively designed, inadequately tested and dangerous to human health, and that Vioxx lacked proper warnings as to the dangers associated with use. (*See, e.g., id.*, Count II, ¶ 14; Count III, ¶ 17.) Plaintiff seeks to hold Merck liable for damages under theories of Negligence (*Id.*, Count II, ¶¶ 1-17) and Product Liability (*Id.*, Count II, ¶¶ 1-21).

5.      Merck has not been served with the Complaint in this case more than 30 days prior to the date of this filing. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b).

6.      As described below, Dr. Lal was fraudulently joined in this action. Accordingly, Dr. Lal need not consent in this removal. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993); *Siderits v. State of Indiana*, 830 F. Supp. 1156, 1160 (N.D. Ind. 1993); *Hess v. Great Atlantic & Pacific Tea Co., Inc.*, 520 F. Supp. 373, 375-76 (N.D. Ill. 1981).

7.      No further proceedings have been had in the state court action.

8.     As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

## I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441

### A.     Amount In Controversy

9.     It is apparent from the face of the Complaint that plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff in this case brings three different claims against Merck and Dr. Lal. Plaintiff alleges that as a result of taking Vioxx, she suffered cardiovascular injuries. (Comp., Count I, ¶ 11; Count II, ¶ 13; Count III, ¶ 16.) Plaintiff claims she "sustained myocardial infarction on November 25th, 2004 and damages including pain, suffering, disability, disfigurement, and obligations for hospital, physician and medical services." (*Id.*, Count II, ¶ 15.) Nowhere in the Complaint does plaintiff limit the amount in controversy to less than $75,000. Rather, for all of her counts, plaintiff requests general damages in excess of the jurisdictional minimum and costs. (*Id.*, Prayer for Relief.)

10.     Where liability is established, product liability claims in Illinois typically result in substantially more than $75,000 verdicts, particularly where – as here – the plaintiff alleges serious disabling injuries. *See, e.g., Hansen v. Baxter Healthcare Corp.,* 198 Ill. 2d 420, 439 (Ill. 2002); *Proctor v. Upjohn,* 291 Ill. App. 3d 265, 287 (Ill. Ct. App. 1997); *Kochan v. Owens-Corning Fiberglass Corp.,* 242 Ill. App. 3d 781, 810 (Ill. Ct. App. 1993).

11.     Thus, based on plaintiff's allegations of personal and economic injuries, the finder of fact could easily conclude that plaintiff is entitled to damages in excess of $75,000, and Merck has met its burden of showing that the jurisdictional amount is satisfied. *See Chase v. Shop 'N*

33405                                                    3

*Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997); *Hansen*, 198 Ill. 2d at 439;

*Proctor*, 291 Ill. App. 3d at 287; *Kochan*, 242 Ill. App. 3d at 810.

**B.      Complete Diversity Of Citizenship**

12.      There is complete diversity between plaintiff, a citizen of Illinois, and Merck, a

citizen of New Jersey. Plaintiff is a citizen of the State of Illinois. Plaintiff affirmatively admits

that she is a citizen of Illinois. (Comp., Count I, ¶ 2.)

13.      Merck is, and was at the time plaintiff commenced this action, a corporation

organized under the laws of the State of New Jersey with its principal place of business at One

Merck Drive, White House Station, New Jersey, and, therefore, is a citizen of the State of New

Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *see also* Comp., Count II,

¶ 2.

14.      The remaining defendant, Dr. Lal, has been fraudulently joined to defeat diversity

jurisdiction.    Accordingly, his citizenship should be ignored for purposes of determining

diversity. *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Schwartz v.

State Farm Mutual Automobile Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Hoosier Energy

Rural Electric Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994).

15.      In the Seventh Circuit, "[d]iversity jurisdiction cannot be destroyed by joinder of

nondiverse parties if such joinder is fraudulent." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327

(7th Cir. 1993). In determining whether a defendant was fraudulently joined, the Seventh Circuit

requires not just an analysis of whether plaintiff stated a "claim," but also whether plaintiff has a

"reasonable possibility" of recovery on that claim. *See Schwartz*, 174 F.3d at 878 (finding

removal proper because of fraudulent joinder, notwithstanding the fact that plaintiff had a

"claim" under the concept of notice pleading).

33405                                      4

16.      Plaintiff attempts to state claims against Dr. Lal for medical negligence. (*See* Comp., Count I.) Because plaintiff does not have a reasonable possibility of prevailing on any of these claims, Dr. Lal has been fraudulently joined and his citizenship should be ignored.

17.      In the context of prescription drugs, an in-state healthcare provider, whether a physician or pharmacist, is fraudulently joined where conclusory allegations of the provider's knowledge are contradicted by the specific allegations in the Complaint that the manufacturer-defendant concealed information from the general public, including healthcare providers. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295 (S.D.N.Y. 2001) (*Rezulin I*) (in-state physician fraudulently joined when minimal conclusory allegations of the physician's knowledge were contradicted by specific allegations that the pharmaceutical manufacturer concealed or misrepresented information); *In re Rezulin Prods. Liab. Litig.*, 2002 WL 31852826 at *2 (S.D.N.Y. Dec. 18, 2002) (*Rezulin II*) (non-diverse physician defendant fraudulently joined because conclusory allegations of physician's knowledge are insufficient where "main tenor of plaintiffs' complaint is that [drug] was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others"); *Louis v. Wyeth-Ayerst Pharms., Inc.*, No. 5:00-CV-102-LN, slip op. at 2 (S.D. Miss. Sept. 25, 2000) (attached hereto as Exhibit 2) (in-state pharmacy fraudulently joined where allegations of in-state defendant's knowledge were contradicted by specific allegations that the pharmaceutical manufacturer concealed or misrepresented information); *In re Diet Drugs*, 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002) (same).

18.      Here, plaintiff does not make *any* allegations regarding Dr. Lal's knowledge of the health risks allegedly associated with Vioxx. All plaintiff alleges with respect to Dr. Lal's connection with Vioxx is that Dr. Lal improperly prescribing Vioxx and failed to warn of the alleged health risks of Vioxx. (*See* Comp., Count I, ¶ 9.) However, according to the Complaint,

Merck concealed the alleged risks of Vioxx from everyone, *including doctors*. (*Id.*, Count II, ¶14; Count III, ¶ 17.) Plaintiff accuses Merck of "failing to properly warn doctors of the increased cardiovascular risks of VIOXX" and "failing to properly warn doctors of known potentially dangerous interactions that VIOXX would have with other prescription medications." (*Id.*, Count II, ¶ 14). Plaintiff claims that Vioxx "was not labeled with a warning sufficient to alert doctors of the increased cardiovascular risks of VIOXX." (Count III, ¶ 17.) Thus, there is no factual basis for imputing Dr. Lal with knowledge of the allegedly adverse risks of Vioxx, where according to plaintiff, Merck actively concealed such risks from him.

19.     Further, Dr. Lal is fraudulently joined because plaintiff's claims against him are wholly inconsistent with the essence of plaintiff's entire Complaint:  that Merck misled the public and physicians regarding the safety of Vioxx. (Comp., Count II, ¶ 14, Count III, ¶ 17.) After all, plaintiff repeatedly asserts in her Complaint that Merck misled and withheld information regarding the safety of Vioxx from plaintiff herself, the consuming public generally, and even from health care providers. At the same time, plaintiff also alleges that Dr. Lal was sufficiently aware of the risks associated with Vioxx that his failure to disclose those risks breached a duty to plaintiff and constituted fraud. The incompatibility of these two theories has been acknowledged by several hundred plaintiffs in similar Vioxx cases. *See* July 21, 2005 Order and Memorandum, p. 2, *In re VIOXX Prods. Liab. Litig.*, MDL No. 1657 (E.D. La. July 21, 2005), attached hereto as Exhibit 3 (the MDL Plaintiffs generally will not be asserting claims against the prescribing doctors because such a claim would "undermine" Plaintiffs "main theory . . . that Merck failed to disclose known risks of heart attacks to the medical community . . . ").

20.     Plaintiff's claims that Merck misled the public at large demonstrate that his case against Dr. Lal cannot succeed. Such inconsistency only goes to prove that Dr. Lal was joined

33405                                           6

solely for the improper purpose of avoiding federal jurisdiction. *See, e.g., In re Rezulin Prods. Liab. Litig.* ("*Rezulin I*"), 133 F. Supp. 2d 272, 295 (S.D.N.Y. 2001) (finding that non-diverse physicians were fraudulently joined because the plaintiffs' allegations that the drug manufacturer had concealed the drug's risks from everyone "refutes the assumption that . . . [the] physician had knowledge of [the drug's] harmful effect"); *Wiggins v. Am. Home Prods. Corp.*, 2001 WL 34013629 (N.D. Ala. Oct. 2, 2001) (in-state pharmacy was fraudulently joined where plaintiff made no specific allegation against the pharmacy), *aff'd mem.*, No. 02-10528, 2002 WL 1276993 (11th Cir. May 29, 2002).

21.     Notably, even the Plaintiffs' Steering Committee in the Vioxx MDL has recognized that joinder of physicians as defendants is generally improper in cases such as this where the claims against Merck are "by and large incompatible with a claim that the doctor is at fault." (*See In re VIOXX MDL*, Pls. Mem. in Supp. of Mot. To Modify Order of June 6, 2005 Regarding Physician Contacts, at 3 (attached hereto as Exhibit 4)).

22.     Furthermore, even if the Court finds that Dr. Lal is not fraudulently joined, his joinder does not defeat removal because he is also fraudulently misjoined. Federal Rule of Civil Procedure 20(a) limits the permissive joinder of parties to claims "arising out of the same transaction, occurrence, or series of transactions or occurrences." Because the claims against Dr. Lal do not arise from the same transaction or series of transactions as the claims against Merck, they violate Rule 20(a) and cannot proceed as one claim. Fed. R. Civ. P. 20(a); *see also* Fed. R. Civ. Pro. 21; James William Moore, *Moore's Fed. Prac.*, § 20.02 (3d ed. 1997).

23.     The joinder of Dr. Lal in this case is improper because plaintiff's claims against Dr. Lal and Merck do not arise out of the same "transaction, occurrence, or series of transactions or occurrences." *See* Fed. R. Civ. P. 20(a). The basis of plaintiff's negligence claims against Dr.

Lal are that he failed to properly prescribe Vioxx. (Comp., Count I, ¶ 9.) In contrast, plaintiff's claims against Merck are product liability claims premised on an alleged failure to properly manufacture Vioxx and to properly warn of the health risks allegedly associated with its use. (*Id.*, Counts II-III.)

24.     Therefore, plaintiff's claims arising out of Dr. Lal's care and treatment of Genowefa Wrobel do not arise out of the same "transaction or occurrence" as plaintiff's claims against Merck. As such, he is fraudulently misjoined with the claims against Merck. *See In re Rezulin Prod. Liab. Litig.*, 2003 WL 21276425 at *1-2 (S.D.N.Y. June 2, 2003) (finding non-diverse physician fraudulently misjoined with claims against drug manufacturer where basis of claim against physician was failure to diagnose alleged liver dysfunction, while basis of claim against manufacturer went "principally to the safety and efficacy of the drug and ha[d] little if anything to do with the malpractice claim."); *Lee v. Mann*, 2000 WL 724046 (Va. Cir. Ct. Apr. 5, 2000) (upholding finding of misjoinder of claims against physician and pharmaceutical manufacturer for injuries allegedly received from the use of a diet medication).

25.     By tacking the claim against Dr. Lal onto plaintiff's Complaint, plaintiff is attempting to rely on the unrelated claim against him to evade federal jurisdiction. This Court should not permit plaintiff to prevail on such attempts to manipulate the removal statute. Assuming the Court does not exercise jurisdiction over plaintiff's claims against Dr. Lal, the Court nevertheless has jurisdiction over plaintiff's claims against Merck. The Court can sever or dismiss plaintiff's claims against Dr. Lal without prejudice pursuant to Federal Rules of Civil Procedure 20 and 21, permitting plaintiff to refile his claim against them separately. *See Rezulin*, 00 Civ. 2843, Pretrial Order No. 150, 2003 WL 21276425 at *1 (remanding fraudulently misjoined claim against non-diverse physician and otherwise denying motion to remand).

## II. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

26.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

27.     The United States District Court for the Northern District of Illinois embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Northern District of Illinois pursuant to 28 U.S.C. § 93(a).

28.     The United States District Court for the Northern District of Illinois embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Northern District of Illinois pursuant to 28 U.S.C. § 1441(a).

29.     As discussed above, Dr. Lal was fraudulently joined in this action, and, therefore, Merck need not obtain his consent to remove this action. *See Shaw*, 994 F.2d at 369; *Siderits*, 830 F. Supp. at 1160; *Hess*, 520 F. Supp. at 375-76.

30.     Pursuant to 28 U.S.C. § 1446(d), Merck is filing written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on all parties to the removed action.

WHEREFORE, defendant Merck respectfully removes this action from the Circuit Court of Cook County, Illinois, County Department, Law Division, bearing Number 06 L 10059, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: September 29, 2006          Respectfully submitted,

                                   BRYAN CAVE LLP


                                   By:  *Jena Valdetero*
                                        Brian A. Sher, #6196469
                                        Dmitry Shifrin, #6279415
                                        Jena Valdetero, #4707 (Maryland)

33405                                    9

161 North Clark Street, Suite 4300
Chicago, IL 60601-3206
Telephone: (312) 602-5000
Facsimile: (312) 602-5050

and

Stephen G. Strauss, #6278807
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

*Attorneys for Merck & Co., Inc.*

33405

10

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing NOTICE OF

REMOVAL was served via First Class U.S. Mail, postage prepaid, this 29th day of September,

2006, to the following:

      Antonio M. Romanucci, Esq.
      Romanucci & Blandin
      33 North LaSalle Street, Suite 2000
      Chicago, Illinois 60602

                              _Jena Valdetero_
                                Jena Valdetero

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

GENOWEFA WROBEL,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　　)　　　No.
　　　　　　　　　　　　　　　　　　　　)
SURENDER LAL, M.D. and MERCK & CO.,　　)
INC.,　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)

### COMPLAINT AT LAW

NOW COMES Plaintiff GENOWEFA WROBEL, by and through her attorneys,

ROMANUCCI & BLANDIN, L.L.C., and complaining of Defendants, SURENDER LAL, M.D.,

and MERCK & CO., INC., pleading hypothetically and in the alternative, states as follows:

### COUNT I - NEGLIGENCE
### SURENDER LAL, M.D.

1.　　　At all times relevant herein, SURENDER LAL, M.D., was a physician duly

licensed in the practice of his profession in the County of Cook, State of Illinois.

2.　　　At all times relevant herein, GENOWAFA WROBEL was living in the City of

Chicago, in the County of Cook, State of Illinois.

3.　　　That GENOWEFA WROBEL was under the continuous care and treatment of the

Defendant, SURENDER LAL, M.D., from October 9, 1999 and prior thereto.

4.　　　That it then and there became the duty of Defendant SURENDER LAL, M.D. to

render medical services consistent with the medical needs of GENOWEFA WROBEL.



5. That there was a duty on the part of the Defendant, SURENDER LAL, M.D., to treat GENOWEFA WROBEL in accordance with accepted standards of prevailing medical practices and opinion.

6. On October 9, 1999 and prior thereto, Plaintiff GENOWEFA WROBEL was prescribed VIOXX by defendant SURENDER LAL, M.D.

7. On October 9, 1999, and prior thereto, plaintiff GENOWEFA WROBEL was under the care of Defendant SURENDER LAL, M.D for condition o hypertension, diabetes and general heart conditions.

8. That the Defendant, SURENDER LAL, M.D., knew and/or should have known that VIOXX was contraindicated for plaintiff GENOWEFA WROBEL and created a risk of the occurrence of serious cardiovascular events.

9. Notwithstanding the defendant's duty as stated above, defendant, SURENDER LAL, M.D., committed one or more of the following negligent acts and/or omissions:

    a. Improperly prescribed VIOXX to Plaintiff knowing that it was contraindicated for GENOWEFA WROBEL;

    b. Improperly prescribed VIOXX to Plaintiff knowing that he was at risk for future cardiac problems;

    c. Improperly prescribed VIOXX to Plaintiff knowing that he had a history of cardiac problems;

    d. Failed to warn the plaintiff that VIOXX should not be used in patients with a history of cardiac problems;

    e. Failed to warn the plaintiff of the risks associated with the use of VIOXX in individuals with a history of cardiac problems;

    f. Improperly prescribed VIOXX by phone without regard for Plaintiff's medical history.

10. That as a result of one or more of the foregoing negligent acts and/or omissions,

GENOWEFA WROBEL suffered a myocardial infarction on November 25th, 2004 resulting in injuries of a personal and pecuniary nature.

11.     On or about November 25, 2004, GENOWEFA WROBEL was diagnosed with myocardial infarction due to, or as a consequence of, VIOXX.

12.     That GENOWEFA WROBEL's injuries were a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant, SURENDER LAL, M.D.

13     That as a direct and proximate result of one of the foregoing acts and/or omissions, Plaintiff, GENOWEFA WROBEL sustained injuries and damages including pain, suffering, disability, disfigurement and obligations for hospital, physician and medical services.

14.     As a proximate result of Defendant' negligence, and of the treatment necessitated for the injuries sustained by GENOWEFA WROBEL, she has become obligated to pay various medical, and hospital expenses for which he claims damages.

WHEREFORE, plaintiff GENOWEFA WROBEL PRAYS judgment against Defendant SURENDER LAL, M.D., in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this lawsuit.

## COUNT II - NEGLIGENCE
### MERCK & CO., INC.

1.     At all times relevant herein, GENOWEFA WROBEL, was a resident of the City of Chicago, in the County of Cook, State of Illinois.

2.     At all times relevant herein, MERCK was incorporated in the State of New Jersey with its principal place of business in State of New Jersey.

3.     At all times relevant herein, MERCK was transacting business in Cook County, in Illinois.

4.     At all times relevant herein, MERCK researched a pharmaceutical known as VIOXX.

5.     At all times relevant herein, MERCK developed a pharmaceutical known as VIOXX.

6.     At all times relevant herein, MERCK formulated a pharmaceutical known as VIOXX.

7.     At all times relevant herein, MERCK manufactured a pharmaceutical known as VIOXX.

8.     At all times relevant herein, MERCK produced a pharmaceutical known as VIOXX.

9.     At all times relevant herein, MERCK marketed a pharmaceutical drug known as VIOXX.

10.     At all times relevant herein, MERCK sold a pharmaceutical known as VIOXX.

11.     On and about October 9, 1999, GENOWEFA WROBEL was prescribed VIOXX.

12.     GENOWEFA WROBEL was administered VIOXX from October 9, 1999, or prior thereto.

13.     On or about November 25, 2004, GENOWEFA WROBEL was diagnosed with myocardial infarction due to, or as a consequence of, VIOXX.

14.     On or before October 9, 1999, and at all times material, MERCK was negligent in one or more of the following respects:

a.     Formulating VIOXX in a manner which increased the risk of cardiovascular problems at a higher rate than those individuals taking other similar drugs; or

b.  Failing to properly address and/or investigate the issue of cardiovascular risks through controlled clinical trials;

c.  Failing to properly warn doctors of the increased cardiovascular risks of VIOXX; or

d.  Failing to properly warn the public of the increased cardiovascular risks resulting from VIOXX; or

e.  Failing to properly warn doctors of known potentially dangerous interactions that VIOXX would have with other prescriptions medications; or

f.  Failing to properly warn the general public of the known potentially dangerous interactions that VIOXX would have with other prescription medications; or

g.  Misrepresenting the safety of VIOXX to the public at large and minimizing the significant cardiovascular risks presented by the drug; or

h.  Was otherwise negligent.

15.  As a direct and proximate result of one or more of the foregoing negligent acts or omissions committed by Defendant MERCK, Plaintiff GENOWEFA WROBEL sustained myocardial infarction on November 25th, 2004 and damages including pain, suffering, disability, disfigurement, and obligations for hospital, physician and medical services.

16.  On or about September 30, 2004, Defendant MERCK withdrew VIOXX from the market.

17.  Plaintiff, GENOWEFA WROBEL, did not know, and could not have known, of the potential relationship between VIOXX and his cardiovascular injuries before September 30, 2004.

WHEREFORE Plaintiff GENOWEFA WROBEL PRAYS for judgment against Defendant MERCK, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000), which shall represent fair and just compensation.

## COUNT III - PRODUCTS LIABILITY
## MERCK & CO., INC.

1.     At all times relevant herein, GENOWEFA WROBEL, was a resident of the City of Chicago, in the County of Cook, State of Illinois.

2.     At all times relevant herein, MERCK was incorporated in the State of New Jersey with its principal place of business in the State of New Jersey.

3.     At all times relevant herein, MERCK was transacting business in Cook County, in Illinois.

4.     At all times relevant herein, MERCK researched a pharmaceutical known as VIOXX.

5.     At all times relevant herein, MERCK developed a pharmaceutical known as VIOXX.

6.     On At all times relevant herein, MERCK formulated a pharmaceutical known as VIOXX.

7.     At all times relevant herein, MERCK manufactured a pharmaceutical known as VIOXX.

8.     At all times relevant herein, MERCK produced a pharmaceutical known as VIOXX.

9.     At all times relevant herein, MERCK marketed a pharmaceutical drug known as VIOXX.

10.     At all times relevant herein, MERCK sold a pharmaceutical known as VIOXX.

11.     On and about October 9, 1999, GENOWEFA WROBEL was prescribed VIOXX.

12.     GENOWEFA WROBEL was administered VIOXX from October 9, 1999, or

prior thereto.

13.　GENOWEFA WROBEL consumed VIOXX in the manner in which it was intended to be used.

14.　GENOWEFA WROBEL consumed VIOXX in the same condition as when it left the control of MERCK.

16.　On or about November 25, 2004, GENOWEFA WROBEL was diagnosed with myocardial infarction due to, or as a consequence of, VIOXX.

17.　On or before October 9, 1999, and at all times material, VIOXX was unreasonably dangerous in one or more of the following respects:

    a.　Its consumers at a greater risk for cardiovascular problems, as compared to individuals taking other similar drugs; or

    b.　Its cardiovascular risks were not properly investigated through controlled clinical trials; or

    c.　It was not labeled with a warning sufficient to alert doctors of the increased cardiovascular risks of VIOXX; or

    d.　It was not labeled with a warning sufficient to alert the public of the increased cardiovascular risks resulting from VIOXX; or

    e.　It was not labeled with a warning sufficient to alert doctors of known potentially dangerous interactions that VIOXX would have with other prescription medications; or

    f.　It was not labeled with a warning sufficient to alert the general public of the known potentially dangerous interactions that VIOXX would have with other prescription medications; or

    g.　It was labeled and marketed in a way that misrepresented it as safe to the public at large and minimized the cardiovascular risks it posed to consumers; or

    h.　Was otherwise negligent.

18.　As a direct and proximate result of one or more of the aforementioned acts or omissions, Plaintiff GENOWEFA WROBEL sustained a myocardial infarction and damages

including pain, suffering, disability, disfigurement, and obligations for hospital, physician, and medical services.

     19.    As a proximate result of defendant's negligence, and of the treatment necessitated for the injuries sustained by GENOWEFA WROBEL, she has become obligated to pay various medical and hospital expenses.

     20.    On or about September 30, 2004, Defendant MERCK withdrew VIOXX from the market.

     21.    Plaintiff GENOWEFA WROBEL did not know, and could not have known, of the potential relationship between VIOXX and his cardiovascular injuries before September 30, 2004.

     WHEREFORE, Plaintiff GENOWEFA WROBEL, PRAYS judgment against defendant MERCK, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this lawsuit.

Respectfully Submitted,

_____
One of Plaintiffs' Attorneys

Antonio M. Romanucci, Esq.
ROMANUCCI & BLANDIN
33 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
312-458-1000
312-458-1004 Fax
Attorney No.: 35875